UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARICE GOSS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 19-cv-00524 |
| v. ) | |
| ) | |
| M3 FINANCIAL SERVICES, INC., ) | |
| ) | <u>Jury Demanded</u> |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Karice Goss, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Defendant's failure to report to a credit reporting agency that the debt is disputed creates a "real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

1

**PARTIES**

5. Plaintiff, Karice Goss ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Watermark Physician Services medical account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

6. Defendant, M3 Financial Services, Inc. ("M3"), is an Illinois corporation with its principal place of business at 10330 West Roosevelt Road, Suite 200, Westchester, Illinois 60154. M3 does or transacts business in Illinois. Its registered agent and office is Mark Baiocchi, 1717 North Naper Boulevard, Suite 200, Naperville, Illinois 60563. (Exhibit A, Record from Illinois Secretary of State).

7. M3 is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. M3 holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. M3 is a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Watermark Physician Services medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff cannot pay any debts, and the alleged debt went into default.

12. M3 subsequently began collecting the alleged debt from Plaintiff.

13. On October 15, 2018, Plaintiff contacted M3 by telephone.

14. Plaintiff was connected to an agent of M3.

15. Plaintiff informed M3's agent that the debt was disputed.

16. On November 1, 2018, M3 communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit C, Redacted Excerpt from Plaintiff's Experian Report).

17. M3 failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

18. M3 had been notified more than two weeks prior of Plaintiff's dispute.

19. Two weeks is sufficient time for a debt collector to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

20. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

21. Defendant failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

3

22. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

23. M3 materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

24. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

25. Defendant's false communication to Experian causes annoyance, aggravation, and other garden variety emotional distress.

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

28. Defendant failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.     Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2);

Case: 1:19-cv-00524 Document #: 1 Filed: 01/25/19 Page 5 of 6 PageID #:5

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, Plaintiff Karice Goss verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/24/2019  .
  Date

_____
  Signature